Good morning, Your Honors, and may it please the Court. Anna Barver for Plaintiff Appellant Eugene Baker. I'd like to reserve two minutes for rebuttal. Four years ago, in Baker 1, this Court was faced with essentially the same issue before it today. Then, as now, the Court was asked to consider whether Mr. Baker had alleged a viable, as-applied challenge to 922 G9 under the Second Amendment. Then, as it should do now, the Court held that he had. The meaningful difference today, however, is that this Court has since handed down two opinions corroborating the Baker 1 holding that there is a viable, as-applied Second Amendment challenge. There may be, you know, as an abstract matter, but what can you outline for us the as-applied challenge that you want to bring, factually? I mean, it's one thing to say as-applied. What do you mean? Mr. Baker has a certain factual situation that I think distinguishes him generally from the larger class, the category of people the government has established it has a compelling interest in. How do we know they're not all good people who get along well with their former spouses? It would be nice to know that that's true. Unfortunately, history of violence might suggest that they're not. And obviously, a lot of the evidence that has been applied in cases, in similar cases, facial cases like this, shows that they're not all good people that get along with their spouses. So your case is he's a good person, he stayed out of trouble, he's no longer at odds with his former spouse? I think it's more than that. Why? It would have to, obviously, according to Chauvin, would have evidence that would support that people 20 years out who, under California law, because it's more than 10 years out, is no longer considered a threat to public safety, or to society, or to intimate partners. Evidence that would suggest that they are different from that category, who are closer in time, or who have shown to be, like Mr. Chauvin did, have shown to be racist. Do you have that evidence? Sorry, Your Honor. Do you have that evidence? I think that at this point, on a motion to insist... Do you have that evidence? We would use the, of course, a good place to start would be the California legislature's evidence that's found that after 10 years, domestic violence misdemeanors are no longer a threat to society. In any event, Chauvin... Are you talking about the statutes? Yes, sir. There's no legislative study from California that I'm aware of. Have I missed something? I think I would... I don't know that you've missed something. I think the evidence would have... I mean, when California looked at and decided that after 10 years, they're no longer a threat, they looked at something. They didn't just pull that number out of thin air. Did they say they're no longer a threat? There wasn't... I don't think that there's a legislative finding in there, but that would be the necessary conclusion when... But how can you use California law to get around Chauvin, which was about California law? We're not trying to get... But Mr. Chauvin had an opportunity to present evidence. He didn't do that. He didn't... But if the evidence is judicially noticeable from the law itself, it seems like it was already at play in Chauvin as well, wasn't it? Not that I'm aware of. The court in Chauvin did hold that he had not presented anything that directly rebutted what the federal government had put forward when it met its intermediate scrutiny burden. I think the point is the California law was the same in Chauvin as you're telling us it's going to weigh in your favor now. That would be correct, Your Honor. The law is the same. The law that was applied to Chauvin is the same. But he had... It didn't make any difference in Chauvin. But Mr. Chauvin had an opportunity to present evidence that would have directly... What evidence are you going to present? Again, first, the evidence that after 10 years he's no longer a threat, and also evidence that Chauvin requested that Mr. Chauvin didn't have, that evidence, studies and stuff, that after 20 years out... You have studies? We hope to. We did not get to that point, Your Honor. But in any event... That's not a really good strategy. Excuse me. No, but if you're asking for leave to amend, I think you need to tell us what you have that will allow you to amend. And it doesn't sound like you're saying it's anything you'll get through discovery. It sounds like you're saying it's something you'll get out in the world. So why haven't you not done that already? There hadn't been the time because of the unique posture of this case. But I mean, you had the time leading up to today, right? Why... If there are studies you could tell us, and if there aren't, then it seems like you don't get leave to amend. Actually, I don't believe that that's an accurate portrayal of the case law. We're talking about allegations, getting past the pleading stage. What types of studies we might be able to use to get past... How much time has transpired between your appearance in district court and now? It's been... It was... The court decision came down... District court decision came down in early 2013. That's a long time. You've done nothing except come and say you're going to get a study? I think the reason... Am I right? You haven't lifted a finger to try to develop what you're telling us you're going to do if you go back to district court? That's... I think that's not quite the... I think it would be unfair to suggest we haven't done anything. Well, what have you done? We're still trying to... Excuse me? What have you done? We're still trying to find the facts, but... How are you trying to find the facts? You know, I hate to sound like I'm piling on, but at some point, you know, this is not a degenerative disease that goes on forever. People have to step up to the plate, and your position is, we're going to make a great case. You've had tons of time to do that, and you can't even begin to outline something that you might try to do. I'm not criticizing you. I'm simply saying I don't hear anything. I think that the evidence that I'm talking about, what I have said, is something, but in any event, we still have claims that were independent against the state attorney general's or not even litigated, separate claims that we discuss in our opening brief that have different facts. To the extent that the allegations were not specific enough in this court's mind on our first amendment complaint, the district court didn't give Mr. Baker any opportunity to tell the court what they could have done to amend. We are. We are. To bring the state claims. We are. And what is it? The state claim is a few things. First, because of the way, excuse me, the federal law works, where the state basically is the point of contact for the federal government in determining whether or not a person can get their firearms, can purchase a firearm, they're an actor that, who is responsible for violating Mr. Baker's rights. And because the state has already... Do you think the state officials did anything that was outside what was required by the law? I think what they did was outside of what is required by the second amendment. But that's just a challenge to the law, which is where we started, right? I don't see how adding the fact that you're suing the officials changes anything if the officials were acting in compliance with the law. I understand you think the law is unconstitutional, but that's, again, where we started. And we have an issue about whether you have a right to amend with that allegation. Adding the fact that there are officials involved doesn't seem to add anything from what you've said yet. Well, the arguments below weren't... And the court didn't make any determination about whether or not the state actors had violated the rights. The entire decision was under Chauvin... But that's because the officials did exactly what the statutes required. Right, but the officials and the state government don't have a compelling interest after they've already determined that after 10 years, someone has their firearms rights back. But what about the supremacy clause? They have to follow what federal law tells them to do. And you might say federal law is unconstitutional, but again, that's where we started, isn't it? It's... Because it has a lot to do with the way these two laws interplay, so if we have an opportunity to discuss and present evidence that the way these laws work together, and really to establish that there is no compelling interest served when the state has already decided that he is no longer a threat after 10 years... But the state... Are you saying the state does not have to comply with federal law? That's not what I'm saying, Your Honor. I think what I'm saying is that... State officials, what's the relief you're looking for? That the state would have to... Because the federal law allows for, relies on states giving the rights back, the Second Amendment would require that under 922 G9, there be an exception that is applicable to my client. So that he can get... The exceptions to 922 G9 are based on state law. The way state law is being applied... Judge Chauvin already interpreted the state law with respect to that argument and rejected it? Yes. I mean, the whole deprivation of rights and restoration of rights, I think that's what you're now talking about. That was already adjudicated by this court. That was more like an... It was an interpretation, I think, it was ruling on the interpretation of, and to determine whether or not he had restored his rights under state law. That was a restoration issue, and it was also... The court kind of called it an equal protection issue. What I'm saying is it's a Second Amendment issue. The Second Amendment requires that it be interpreted in a certain way. You're trying to get the federal courts to order the state officials to do something, right? Is that what I hear you saying? Yes. Yes, Your Honor. How's that going to read? What's the order going to read? You shall do what and why? Because the Second Amendment requires that people in... Like Mr. Baker, excuse me, have their Second Amendment rights intact, and he has not shown himself to be a threat of recidivism. There has to be... The state policy law has to be that there be some way for Mr. Baker to retain his rights. Is this an order to the state legislature? I just don't get the end game here that you're driving against. It also seems that the state already said, as far as the state is concerned, he's okay. It's the federal law that's the problem. And so that's, again, where we started is the challenge to the federal law, right? Yes, Your Honor. You're attacking the wrong army. Well, go ahead and answer their questions, and I will give you a little extra time for rebuttal. Thank you, Your Honor. We're... I wouldn't say we're attacking the wrong army. We're going after both of them, to be fair. Again, it is the way the two laws interplay. So we would have to... The court would have to make a determination that the way the state and the federal law works together against my client is unconstitutional as applied to him because of the way... Because of his individual circumstances. What could the state possibly do that could help your client? The state could possibly amend the law regarding expungements. That doesn't allow... So, again, are you after an order to the California legislature that could amend the law? I don't think so. When courts decide that a law or a policy is unconstitutional as applied to someone, they make the declaration, and then I think the legislatures tend to do what they will with the law... I mean, with that ruling to amend the law to come into compliance with the court's ruling. Okay. Thank you very much. We'll give you one minute in rebuttal when she comes back. May it please the court. Patrick Nemeroff on behalf of the United States government. I'll note that Anthony Hochul is here from the state of California. We had agreed that I would take all the time, but he is here if you want to ask him any questions. The district court was correct in dismissing plaintiff's Second Amendment challenge. That's confirmed by this court's controlling precedent and by precedent from other courts of appeals. My opposing counsel spent most of her time discussing ways in which the plaintiff could possibly amend their complaint, and I don't think they've still identified a single way in which they could amend their complaint to state a claim given this court's precedent. And the one thing... I'm really happy to answer any questions. I don't have too much to add to what's already been discussed. The one thing I did want to address is there's sort of this suggestion that the plaintiff hasn't had an opportunity to do so. And in addition to the three years that have passed since the district court's decision today, even before the district court, the plaintiff amended their complaint in October 2012. The district court didn't issue its order until July 2013. And between that time, plaintiffs filed three different briefs. So, they certainly had every opportunity to explain how they could state a viable claim. They haven't done so, and so the district court's order should be affirmed. I did have a question for you, counsel. As I read 922.9, as I'll call it here, I didn't see any provision that said if you show really good behavior for more than 10 years, you can apply to a court to get it done. But I imagine under California law, I know 1203.4 is not the answer for the plaintiff in this case, but under California law, and if you need to consult with your colleague, you may do so, what could he do? Is it a pardon? What would be the process for him to get the rights restored? I'm not aware of a way, practically, that a plaintiff can get their rights restored from a misdemeanor conviction of domestic violence in California. I think in Chauvin, there's some discussion about the fact that this is a state-by-state policy. There's some interest of federalism being served here. ATF, there's not a way that ATF currently recognizes. Now, I'm not completely familiar with California law, and maybe there is something that could be done. Maybe courts in their equity can, you know, truly expunge a conviction, but as Your Honor noted, 1203.4, this court has found in Jennings, and California courts have recognized, really isn't a true expungement and leaves quite a bit of restrictions in place. So I assume, absent overturning that conviction, I assume he could collaterally attack a conviction, have it removed, and then it wouldn't be there anymore, and then he could possess the gun. That sounds right, Your Honor, but... In the abstract, you can go all the way to a certificate of innocence from the superior court. Right. And that's the sort of avenues that I'm not familiar enough to really give a firm opinion on. 1203.4, we know, doesn't do the trick. And you are not aware of any other method in the federal system, for example, with pardons? There's no corollary? No, so, of course, there was 925C was a method that, by which individuals could regain their firearms rights, but Congress determined that that system was totally unworkable and was putting firearms in the hands of people who were really too risky to have them. And so, through appropriations laws have sort of abolished that program for quite a while now. So would the avenue be an as-applied challenge in federal court? No, I mean, we don't think there is a possibility for a successful as-applied challenge to Section 922G9. Certainly, Chauvin suggests that, at the very least, the facts allege here are not sufficient to state a claim, and we don't think there are... But Chauvin doesn't foreclose the possibility of any as-applied challenge, does it? Well, to 922G9, we would read it as foreclosing any possible as-applied challenge. What the court did, if you look at it, the court, and maybe the most pertinent part is at the very end, in the last paragraph, where it says, we note that if we found that there was a successful as-applied challenge, a significant exception would emerge, and Congress has permissibly enacted a broad prohibition with limited exceptions. And so I think that language suggests that the statute as a whole is permissible. Also, if you look at the statistical analysis the court undertook, it certainly found that 922G9 serves very important interests. And what this court... Another thing the court did was it cited the Seventh Circus language. I mean, you're right that the court has that language about how broad an exception it would be, but the court also does an analysis of Chauvin and his particular facts, and there would be no reason to do that if there wasn't a possibility of an as-applied challenge. Well, I think it was given two independent reasons, because it does go through those facts regarding Chauvin himself, but then it says, even assuming that Chauvin has no subsequent history of domestic violence, we would still uphold the law as applied. So that, and then plus the fact that it quotes the Seventh Circus language approvingly, that Congress can pass categorical prohibitions, and it doesn't require evidence on a case-by-case basis. The Fourth Circuit has similar language in Staten, the First Circuit in Booker. So... I mean, so the court, in the general paragraph where it talks about Congress's express intent and the broad exception that it would be, I mean, does the fact that Congress was intending to pass a broad law mean there can never be an as-applied challenge? I'm not sure that's responsive in the way that you're suggesting that it is. No, I wouldn't put the language on the fact that Congress intended to pass a broad, or the emphasis on that. I think this court said permissibly enacted a broad statute, but that's, the reason is, of course, 922G9, it's a prophylactic measure. It's targeting a group of individuals who've been convicted of very serious crimes. The crime here in California is willfully inflicting corporal injury resulting in a traumatic condition on a specific group of individuals. And there's quite a bit of statistics showing very high recidivism rates among those individuals and the fact that guns are often involved and guns increase the risk of death quite significantly. And so given all those statistics, Congress can say, look, as to this whole category, we're not going to let them have firearms, and courts generally defer to that legislative judgment. Now, under intermediate scrutiny, the law does have to reasonably serve an important interest, but it doesn't have to be so perfectly tailored that a court is obliged by the Second Amendment to go person by person and say, do I think this person's dangerous? Do I think this person isn't? Congress has already made that judgment, and that's a reasonable judgment. Now, of course, in this case... Do you think the standard is reasonableness, or is it an intermediate scrutiny? It's intermediate scrutiny, and I only say reasonableness because some of the courts, including this one in outlining intermediate screening in the Second Amendment context, have described the test as, does the statute reasonably serve a legitimate government interest? But I understand that it can sound a little bit in rationality review, but regardless, it doesn't have to be perfectly tailored. And that's, I think, the idea, especially when you're talking about this sort of prophylactic measure. But then just to take it back to this case, this court doesn't need to decide whether... Because the facts, as alleged, are really identical to the facts on which the court decided Chauvin. If there are no further questions. Okay. Thank you, counsel. All right. One minute for rebuttal. I think the response to Judge Friedland's comments about the end of Chauvin and when it was discussing the broad exemption to Congress's decision under 922 G9, is that while Congress has been held by many circuits to be able to permissibly make these types of categorical exemptions, at some point in time, those categories don't really apply to everyone in all circumstances, like my client, as we're going to establish. Like your sister... How will you establish that your client is different than Chauvin was? Well, for instance, Mr. Chauvin did show, actually, in the record, that he was a recidivist. He had a recent call... But the court went on and said, let's assume that we ignore that call, and then did the analysis. So once they ignore it, your client's in the exact same position, isn't he? But then it would be the evidence, Your Honor, that shows that Mr. Chauvin did not provide that shows that these types of people are no longer the threat of recidivism. The government still needs to hold its feet to the fire under as-applied challenges, even when they permissibly make a categorical exemption. With that, I would like to ask this Court to reverse and remand. Thank you. Thank you, Counsel. This matter is submitted.
judges: Trott, Owens, Friedland